UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| KARL JEFFERY MCKINNEY,<br><br>                Plaintiff,<br><br>    vs.<br><br>CITY OF SUMPTER, an Oregon<br>municipality, GREG LUCAS,<br>JENNIFER LAKE MILLER, AND<br>CHARLIE BRISCOE,<br><br>             Defendants. | No. _____<br><br>**COMPLAINT**<br>Civil Rights Action (Title VII of the Civil<br>Rights Act; Age Discrimination in Employment<br>Act; ORS Chapters 652, 653 and 659A)<br><br>Wage/Hour Action<br>(29 U.S.C. §§ 206 & 207; ORS 652.140)<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Karl Jeffery McKinney ("Plaintiff") alleges:

## JURISDICTIONAL ALLEGATIONS

1.

Plaintiff is a resident and citizen of the State of Oregon, County of Baker, Sumpter, Oregon.

Page 1      COMPLAINT

2.

Defendant City of Sumpter is an Oregon municipality or city located in the State of Oregon, County of Baker (hereinafter the "City").

3.

Defendant Greg Lucas ("Lucas") was and/or is the Mayor of the City of Sumpter and serves on its City Council, and a resident of the State of Oregon, Baker County.

4.

Defendant Jennifer Lake Miller ("Miller") was and/or is a City Councilor for the City of Sumpter, and a resident of the State of Oregon, Baker County.

5.

Defendant Charlie Briscoe ("Briscoe") was and/or is a City Councilor for the City of Sumpter, and a resident of the State of Oregon, Baker County.

6.

The City acted with respect to Plaintiff in part by and through its City Council, which, at all times material, represented the final and official policy of the City in matters with respect to the employment of Plaintiff.

7.

Jurisdiction arises under 28 USC § 1331. The alleged acts occurred in the District of Oregon.

8.

Notice was given to Defendants pursuant to ORS 30.275.

**GENERAL ALLEGATIONS**

9.

Plaintiff was employed by the City starting on or about May 1, 2013 and continuing thereafter until November 15, 2019, at which time his employment was terminated. Plaintiff's wife or spouse, Julie McKinney, also worked for the City as its City Recorder starting on or

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

about June 14, 2010, until November 15, 2020, at which time her employment was also terminated.

10.

At all times material, Plaintiff was employed by the City in the position of Maintenance or Utility Manager or City Maintenance Lead, was classified as a nonexempt employee and was paid on an hourly basis and at an hourly rate of pay.

11.

In his position and per his job description, Plaintiff was required by the City to be on call and available for immediate response seven (7) days a week, twenty-four (24) hours a day. To meet the City's response requirements, Plaintiff had to remain on City premises or so close to them in order to be able to timely respond, with the effect that he was generally unable to use his time effectively for his own purposes. Throughout his employment with the City, Plaintiff was consistently and regularly called to duty at all times of the day and night, seven days a week.

12.

As a result of his job duties and on call responsibilities, Plaintiff was unable to use or take his accrued paid vacation time. Consequently, the City agreed to cash out or pay him for all of his accrued unused vacation from May 2013 through February 2019, by no later than the end of February 2019. As of February 2019, Plaintiff had accrued, unused vacation in the total amount of 372 hours, for a total due and owing of $7,317.24. The City did not pay Plaintiff his accrued, unused vacation by the end of February 2019 or at any time thereafter, despite his demands.

13.

As a result of his duties and responsibilities, Plaintiff worked a substantial amount of overtime hours (hours worked in excess of 40 hours in a workweek) and accrued a substantial amount of compensatory time off (well in excess of 240 hours), for which the City knowingly and intentionally failed to compensate him. On March 10, 2017, the City admitted in writing that it had unlawfully failed to pay Plaintiff his accrued comp time and overtime hours, and

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

agreed to pay him for his accrued comp time in excess of 240 hours and a portion of his overtime hours in the amount of $26,473.05, plus liquidated damages in an equal amount, along with his attorney fees.  Plaintiff and the City agreed at that time that Plaintiff would retain 240 hours of his accrued comp time, and that the City would "cash McKinney out (at his regular hourly rate then in effect) in full for all his unused and accrued comp time upon the separation of his employment with the City."

14.

After March 10, 2017, Plaintiff continued to work a substantial amount of overtime as a result of his ongoing on-call duties and responsibilities.  In 2019, Plaintiff worked 2,150 hours of overtime at the overtime rate of $29.50, for a total of $63,425.  In 2018, he worked 6,670 hours of overtime, 3,366 hours at the overtime rate of $29.50 (for a total of $99,297) and 3,304 overtime hours at the overtime rate of $28.12 (for a total of $92,808.48).  In 2017, he worked 6,015 hours of overtime at the overtime rate of $28.12, for a total of $169,141.80.  Once again, the City failed to pay him for these overtime hours.

15.

Throughout 2019 and continuing thereafter, Plaintiff talked with and complained to the City about its failure to pay him for his overtime work.  Despite his requests, the City willfully failed and refused to pay Plaintiff overtime compensation at his overtime rate of pay for his on-call hours.

16.

Starting in or about September 2018 and continuing thereafter, Plaintiff refused to hire Briscoe to provide construction services and materials on behalf of the City because he was not properly and lawfully licensed by the Construction Contractors Board nor was he properly and lawfully insured.  In response, Councilor Briscoe threatened to have Plaintiff fired.

17.

In late-February to early March 2019, Plaintiff learned that Councilor Briscoe was

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

charging and receiving payment from the state of Oregon for plowing a City street, which in fact Plaintiff was responsible for plowing and did plow on behalf of the City. Councilor Briscoe was not licensed or insured to perform this work. Plaintiff reported this to the City and was ordered by Councilor Briscoe to stop plowing the street and to stop pursing the matter. After Plaintiff made the report to the City, Councilor Briscoe threatened to have him fired. Plaintiff's wife made a similar complaint and her continued employment was also threatened by the City.

18.

In or about March 2019, Plaintiff complained to the City about repeated violations of City of Sumpter Resolution #360, which prohibits City Councilors who are not current on their City utility bills from voting on City Council matters. Without limitation, both Councilor Miller and Mayor Lucas were not current on their City utility bills but were nonetheless voting on City Council matters. In response to his complaint, Plaintiff's employment with the City was threatened. Plaintiff's wife made a similar complaint and in response was told that she would be placed on leave without pay if their utility bill was ever delinquent.

19.

In or about early March 2019, Plaintiff's wife complained to Mayor Lucas about unlawful harassment, retaliation and bullying she was experiencing from City Councilors Miller and Briscoe as a result of her reports of unethical and unlawful behavior by the City and certain City Councilors, as (without limitation) described herein. Plaintiff also opposed the unlawful treatment of his wife.

20.

On or about March 6, 2019, shortly after Plaintiff and his wife made their complaints, Mayor Lucas called a special City Council meeting wherein he presented a Behavioral Policy and Disciplinary Action Policy. During the Council meeting, Mayor Lucas threatened and chastised City employees for not being respectful to the City Councilors. No mention was made of the City Councilors' treatment of Plaintiff and his wife. Both the Behavioral and Disciplinary

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

Action Policies were adopted by the City Council at this meeting.  The Behavioral Policy required that, regardless of how Plaintiff or his wife were treated by City residents (including its City Councilors), they were required to be respectful at all times or they would be subject to disciplinary action.

21.

The actions of the City, Mayor Lucas and Councilors Miller and Briscoe's actions were in retaliation for Plaintiff bringing his concerns forward and were intended to chill or stop Plaintiff from raising concerns.  In addition, after Plaintiff made his complaints as described herein, he was subjected to ongoing and unlawful harassment, discrimination and retaliatory conduct by the City, Mayor Lucas and Councilors Miller and Briscoe which included (without limitation) repeated threats that they were going to get him fired, slanderous statements about him, and false attacks on his work ethic.

22.

In or about June 5, 2019, and continuing thereafter, Councilor Lake accused Plaintiff of reporting to governmental authorities that she and her construction contractor (City Mayor Greg Lucas) did not have the proper and lawful building permits for her commercial construction project and that she was unlawfully using an unlicensed contractor (Mayor Lucas) for the project.  After making this accusation, Councilor Miller threatened that she intended to have Plaintiff fired, called him names, and cursed and yelled at him.  She also at the same time questioned Plaintiff about his age (then 62) and made a statement that "shouldn't you be retiring soon?"

23.

On June 7, 2019, Plaintiff sent the City (addressed to Mayor Lucas) a written demand and notice of wage claim for his unpaid overtime compensation for 2017, 2018 and 2019 as described herein and for liquidated damages and/or civil penalties.  Mayor Lucas received the demand letter on June 13, 2019.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

24.

On June 7, 2019, Plaintiff sent the City (addressed to Mayor Lucas) a written Notice of Tort Claims (ORS 30.275), which stated that he was being unlawfully harassed, discriminated and retaliated against by the City and Councilors Miller and/or Briscoe for reporting and/or complaining to the City about various ongoing unlawful and unethical actions of the City and certain City Councilors, and noted that he intended to assert claims for damages against the City and Councilors Miller and Briscoe.  Mayor Lucas received the letter on June 13, 2019.

25.

On June 7, 2019, Plaintiff's wife also sent the City (addressed to Mayor Lucas) a written Notice of Tort Claims (ORS 30.275), which stated that she would be asserting claims for damages against the City of Sumpter, along with Councilors Miller and Briscoe, based upon their unlawful discrimination, harassment and retaliation.  Mayor Lucas received the letter on June 13, 2019.

26.

Prior to and as of June 7, 2019, according to his City supervisor, Council President Linda Wise, Plaintiff was performing his job satisfactorily.  Plaintiff had also not otherwise been informed by the City that he was not performing his job satisfactorily or that he had engaged in any misconduct.

27.

On June 14, 2019, just one day after Mayor Lucas received Plaintiff's and his wife's June 7 letters, without any prior warning or notice, Plaintiff and his wife were both placed on administrative leave by Mayor Lucas (without a City Council vote or authorization, as required by City policy).  No reason was given to them by Mayor Lucas for the administrative leave. Plaintiff and his wife were immediately escorted from the City office by a Deputy Sheriff.

28.

On July 2, 2019, in letter backdated to June 14, 2019, Plaintiff was notified by Mayor

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

Lucas that he was being placed on administrative leave until further notice due to allegations that "city funds and office equipment have been mismanaged and or used for personal gain and City documents have been misplaced." The allegations against Plaintiff were false and without merit. Plaintiff was told that he would be given an opportunity to respond to the allegations against him. However, he was never interviewed or otherwise questioned by the City regarding the allegations.

29.

After being placed on administrative leave, the City and various City Councilors (including Councilors Miller and Briscoe) falsely and publicly stated that Plaintiff had stolen City funds. The City (including Mayor Lucas) also falsely reported to City residents that Plaintiff was a criminal, that he was being investigated by the Oregon Department of Justice and/or a criminal prosecutor, that he would be removed from City employment in handcuffs, and that the City (prior to the conclusion of its "investigation") intended to fire him. Mayor Lucas also actively solicited complaints against Plaintiff to try to justify the administrative leave and/or to get him fired.

30.

Starting in late-July 2019 and continuing thereafter, Plaintiff and his spouse submitted multiple requests to the City for a zoning permit application that was necessary for them to make improvements around their home. In retaliation for Plaintiff's complaints and demands, the City ignored their requests and refused to provide them with the necessary application.

31.

Starting in late-July 2019 and continuing thereafter, Plaintiff made multiple public records requests to the City, including asking for City Council meeting minutes and recordings, many of which were relevant to his administrative leave. In retaliation for Plaintiff's prior complaints and demands, the City ignored his requests and refused to produce the requested documents. Long after, the City stated that it would only produce documents if Plaintiff paid a

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

substantial fee.  The City had never previously required a fee for meeting minutes, but rather routinely provided them free of charge or at minimal cost to Sumpter residents like Plaintiff.

32.

On September 11, 2019, Plaintiff requested a certified copy of his personnel records and also an opportunity to inspect his personnel files, as allowed by Oregon law.  Despite repeated follow up requests, Plaintiff did not receive anything from the City until November 4, 2019 (more than 45 days after he made the request, in violation of Oregon law).  The limited personnel files produced by the City on that date were incomplete, and documents (including the numerous positive comments and feedback that Plaintiff had received from City Council and the Sumpter residents over the years) had been removed and were not provided.  Prior to being placed on administrative leave, these documents were in Plaintiff's personnel file.  In addition, negative documents about Plaintiff had been added to his personnel file that he had never seen before and that had never previously been discussed with Plaintiff.

33.

On or about September 26, 2019, Plaintiff filed a complaint of numerous unlawful employment practices under state and federal law against the City, Mayor Lucas, and City Councilors Miller and Briscoe with the Oregon Bureau of Labor & Industries (BOLI) and with the Equal Employment Opportunity Commission (EEOC) (hereinafter "First BOLI Complaint").

34.

On October 30, 2019, Plaintiff learned that Mayor Lucas had called Baker County, and claimed that he was unlawfully constructing a small shed in his back yard without a permit. Mayor Lucas knew that no permit was required from the County for the shed.  In addition, on November 6, 2019, a Baker County Assessor came to inspect Plaintiff's home because it had been reported that Plaintiff was making improvements to his home (which were not yet completed).  Upon information and belief, the City (through the Mayor and/or Councilors Lake and/or Briscoe) called the Assessor and told him to inspect his home.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

35.

On October 26, 2019, Plaintiff received a letter from the City purporting to identify alleged deficiencies in his job performance. The alleged deficiencies did not include theft of City funds, or any of the purported reasons originally cited for placing Plaintiff administrative leave in June 2019. The alleged performance deficiencies cited by the City were false, had not previously been raised with Plaintiff, and/or did not warrant termination without prior warning.

36.

On November 15, 2019, the City scheduled a public half hour "hearing" to address Plaintiff's termination. Prior to the hearing, Plaintiff informed the City that he was not medically released to attend the hearing and asked that it be postponed. The City refused to postpone the hearing and so Plaintiff was denied the opportunity to personally attend and address the false allegations made against him.

37.

On November 15, 2019, a majority of the City Council (including Mayor Lucas and Councilors Miller and Briscoe) voted to terminate Plaintiff's employment and his wife's employment. Plaintiff's direct supervisor, Council President Linda Wise, did not vote to terminate Plaintiff's employment.

38.

Following Plaintiff's termination, the City failed to timely pay Plaintiff all wages and other compensation due and owing to him, including his regular pay for November 1-15, 2019. Defendant did not receive his final paycheck until November 21, 2019. Plaintiff's final paycheck did not include payment of his accrued (unused) paid vacation, his 240 hours of comp time, or his unpaid overtime.

39.

On November 22, 2019, Plaintiff sent the City a written demand for full payment of his unpaid overtime compensation, his accrued (unused) vacation time from May 2013 to

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

February 2019 (372 hours), his 120 hours of additional accrued (unused) paid vacation, and the

240 hours of accrued (unused) comp time that was still due and owing to him.

40.

On or about November 29, 2019, Plaintiff received a check for 120 hours of accrued

(unused) vacation, but to date he has not received payment for the additional 372 hours of paid

vacation in the amount of $7,317.24 that had been promised to him.  On or about December 12,

2019, Plaintiff received a check in the gross amount of $3,411.37, which purported to be

payment for Plaintiff's 240 hours of comp time, but which was paid at an hourly rate that was

less ($18.75) than his hourly rate as of his termination ($19.68). Consequently, an additional

amount of $223.20 in comp time still remains due and owing to him.  To date, despite his

demands, the City has also not paid Plaintiff for the overtime compensation that remains due and

owing to him.

41.

Following his termination, Plaintiff requested that the City return his personal property,

including his tools.  To date, the City has refused to return Plaintiff's personal property.

42.

On January 28, 2020, Plaintiff filed a second complaint of unlawful employment

practices under state and federal law with BOLI and the EEOC against the City, Mayor Lucas,

and City Councilors Miller and Briscoe (hereinafter the "Second BOLI Complaint").  Plaintiff's

wife also filed complaints with BOLI and the EEOC alleging violations of state and federal law

in September 2019 and January 2020, which Plaintiff assisted and participated in.

43.

On or about September 25, 2020, Plaintiff informed BOLI that he was withdrawing his

First BOLI Complaint and proceeding to court.  On September 28, 2020, Plaintiff received a

Notice of Right To File Civil Suit from BOLI on his First BOLI Complaint.  On December 14,

2020, Plaintiff received a notice from the EEOC notifying Plaintiff that he had the right to

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

institute a civil action in court on his First BOLI Complaint.

44.

On December 17, 2020, Plaintiff notified BOLI that he was withdrawing his Second BOLI Complaint and proceeding to court. On December 18, 2020, Plaintiff received a Notice of Right To File Civil Suit from on his Second BOLI Complaint. On December 17, 2020, Plaintiff notified the EEOC that he was withdrawing his Second BOLI Complaint and proceeding to file in court.

45.

Following his termination and the filing of his BOLI/EEOC complaints, Plaintiff has continued to experience discriminatory and retaliatory behavior by the City, including being deprived of essential City services such as the timely plowing of snow on the City road leading to his house.

**FIRST CLAIM FOR RELIEF**

(Violation of 29 U.S.C. § 207) (Against the City)

46.

Plaintiff realleges and incorporates by reference paragraphs 1 through 45 of this Complaint.

47.

As of the date of his termination, Plaintiff had 240 hours of accrued (unused) compensatory time off. Pursuant to 29 U.S.C. § 207(o), Plaintiff was entitled to be paid for his 240 hours of comp time at his regular hourly rate ($19.68) at the time of his termination. Despite his demand, Plaintiff did not receive full payment of his comp time at termination, and is currently owed $223.20 in comp time.

48.

Pursuant to 29 U.S.C. § 207(o) and 29 U.S.C. § 216(b), Plaintiff is entitled to an award of his unpaid comp time in the amount of $223.20, an additional equal amount as liquidated

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

damages, and to an award of his costs and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

(Violation of 29 U.S.C. § 207) (Against the City)

49.

Plaintiff realleges and incorporates by reference paragraphs 1 through 48 of this Complaint.

50.

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to overtime compensation at his overtime rate of pay for all of his overtime hours worked (hours worked in excess of 40 in a workweek). Plaintiff worked the following overtime hours for which he has not been paid: (a) 2150 overtime hours in 2019 at the overtime rate of $29.50, for a total of $64,425; and (b) 6,670 hours of overtime in 2018, 3,366 at the overtime rate of $29.50 and 3,304 overtime hours at the overtime rate of $28.12, for a total of $192,105.48.  In total, Plaintiff is owed $256,530.48 in overtime compensation for this time period.

51.

The City knew or showed reckless disregard for whether its conduct in failing to pay Plaintiff his overtime compensation was prohibited and acted willfully in failing to pay Plaintiff his overtime compensation.

52.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to an award of his unpaid overtime compensation in the amount of $256,530.48 and an additional equal amount ($256,530.48) as liquidated damages, and to an award of his costs and reasonable attorney fees.

## THIRD CLAIM FOR RELIEF

(ORS 652.140) (Against the City)

53.

Plaintiff realleges and incorporates by reference paragraphs 1 through 52 of this

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

Complaint.

54.

Plaintiff was terminated on November 15, 2019, but he did not receive all wages and other compensation due and to him by the next business day, in violation of ORS 652.140. Without limitation, Plaintiff did not receive a final paycheck until November 21, 2019, and then it did not include all wages and compensation due and owing to him at termination. Plaintiff did not receive his 120 hours of accrued vacation until on or about November 29, 2020 ($2,361.60) and received only partial payment of his comp time on or about December 12, 2019. To date, despite his demand, Plaintiff is still owed $223.20 in comp time and $7,317.24 in accrued (372 hours) vacation pay. In addition, Plaintiff is still owed overtime compensation in the following amounts: (a) 2150 overtime hours in 2019 at the overtime rate of $29.50, for a total of $64,435; (b) 6,670 hours of overtime in 2018, 3,366 at the overtime rate of $29.50 (for a total of $99,297) and 3,304 overtime hours at the overtime rate of $28.12 (for a total of $92,808.48); and (c) 6,015 overtime hours in 2017 at the overtime rate of $28.12 (for total of $169,141.80). In total, $433,222.72 in wages and other compensation still remain due and owing to Plaintiff.

55.

On June 7 and November 22, 2019, Plaintiff sent a written demand to the City for full payment of the compensation then due and owing to him. Pursuant to ORS 652.150, Plaintiff is entitled to an award of penalty wages in the amount of $4,723.20, plus an award of his attorney fees pursuant to ORS 652.200.

**FOURTH CLAIM FOR RELIEF**

(Breach of Contract) (Against the City)

56.

Plaintiff realleges and incorporates by reference paragraphs 1 through 55 of this Complaint.

57.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

The City promised to pay Plaintiff his accrued, unused vacation from May 2013 through February 2019, or 372 hours for a total of $7,317.24 by the end of February 2019.

58.

The City failed to pay Plaintiff his $7,317.24 in accrued vacation at the end of February 2019 or at any time thereafter.  The City is in breach of contract for failing to pay Plaintiff the promised accrued paid vacation.  Plaintiff has been damaged by Defendant's breach in the amount of $7,317.24.

## FIFTH CLAIM FOR RELIEF

(ORS 652.035)

59.

Plaintiff realleges and incorporates by reference paragraphs 1 through 58 of this Complaint.

60.

The City unlawfully retaliated against and/or discriminated against Plaintiff with regard to his tenure and the terms and conditions of his employment because he inquired about his overtime hours and payment for his overtime hours and/or reported a violation and/or filed a complaint(s) with BOLI, in violation of ORS 652.035.  The unlawful retaliation and discrimination includes the City's (and Mayor Lucas' and City Councilors' Miller and Briscoe's) actions regarding Plaintiff as described herein, including (without limitation): (a) threatening Plaintiff with discipline and/or termination; (b) placing Plaintiff on administrative leave without good cause; (c) falsely claiming and publicly reporting that Plaintiff stole City funds, was a criminal and was under investigation by the DOJ and/or a criminal prosecutor, and that he would be removed from his employment in handcuffs; (d) making false statements about Plaintiff and his work; (e) refusing to pay Plaintiff for his overtime compensation and the other compensation due and owing to him; (f) depriving Plaintiff of requested applications and public records; (g) actively soliciting complaints against Plaintiff; (h) falsely reporting him to Baker County

Page 15    COMPLAINT

regarding his shed and initiating an inspection by the Baker County assessor; (i) refusing to reschedule his termination hearing when he was medically unable to attend; (j) terminating his employment; (k) failing to timely provide him with and tampering with his personnel file; (l) failing to timely pay him all wages and other compensation due and owing to him upon his termination; (m) refusing to return his personal property; and (n) depriving him of City services.

61.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

62.

Plaintiff suffered non-economic damages as a result of the City's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

63.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

**SIXTH CLAIM FOR RELIEF**

(ORS 653.060) (Against the City)

64.

Plaintiff realleges and incorporates by reference paragraphs 1 through 63 of this Complaint.

65.

The City unlawfully discharged and discriminated against Plaintiff as described in this

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

Complaint (including (without limitation) as described in Paragraph 60) because he inquired about his overtime compensation, reported a violation of and/or filed a complaint or instituted and participated in a proceeding related to ORS 653.010 et seq., in violation of ORS 653.060.

66.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

67.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

68.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## SEVENTH CLAIM FOR RELIEF

(ORS 659A.355) (Against the City)

69.

Plaintiff realleges and incorporates by reference paragraphs 1 through 68 of this Complaint.

70.

The City unlawfully discharged, discriminated and/or retaliated against Plaintiff with regard to his compensation or other terms, conditions or privileges of employment as described in this Complaint (including (without limitation) Paragraph 60) because  he (a) inquired about,

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

discussed or disclosed his wages (including his overtime compensation); and/or (b) made a charge and filed a complaint based on his disclosure of wage information.

71.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

72.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

73.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

**EIGHTH CLAIM FOR RELIEF**

(ORS 659A.199) (Against the City)

74.

Plaintiff realleges and incorporates by reference paragraphs 1 through 73 of this Complaint.

75.

Plaintiff reported to the City what he believed in good faith was evidence of a violation of a state or federal law, rule or regulation. Without limitation, Plaintiff: (a) reported that he was not being paid overtime compensation in violation of state and federal law; (b) reported violations of state and federal law in his June 7, 2019 Tort Claims Notice; and (c) reported

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

violations of state and federal law in his First and Second BOLI Complaints.

76.

Plaintiff was unlawfully discharged, discriminated and retaliated against by the City with regard to the terms, conditions and privileges of employment for making these reports as described in this Complaint (including (without limitation) Paragraph 60), in violation of ORS 659A.199.

77.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

78.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

79.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

### NINTH CLAIM FOR RELIEF

(ORS 659A.203 et. seq.) (All Defendants)

80.

Plaintiff realleges and incorporates by reference paragraphs 1 through 79 of this Complaint.

81.

Page 19    COMPLAINT

In violation of ORS 659A.203, as described herein, Plaintiff was discouraged, restrained, coerced, prevented, interfered with, and/or prohibited from disclosing, and was threatened with disciplinary action and/or disciplined for, disclosing information he reasonably believed was: (a) a violation of federal, state or local law, rule or regulation by the City and Mayor Lucas and Councilors Miller and Briscoe; and/or (b) a gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from the actions of the City, Mayor Lucas and/or Councilors Miller and Briscoe.

82.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

83.

Plaintiff suffered non-economic damages as a result of Defendants' unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

84.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

**TENTH CLAIM FOR RELIEF**

(ORS 659A.030(1)(a) & (b) (Against the City)

85.

Plaintiff realleges and incorporates by reference paragraphs 1 through 84 of this Complaint.

Page 20     COMMPLAINT

86.

The City unlawfully discriminated against Plaintiff in the terms, conditions and privileges of employment, and discharged him, because of his age, in violation of ORS 659A.030(1)(a) and (b).  Without limitation, Plaintiff was performing his job satisfactorily but was placed on administrative leave and then terminated, and was replaced by a substantially younger and less qualified person.

87.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

88.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

89.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## ELEVENTH CLAIM FOR RELIEF

(ORS 659A.030(1)(a) & (b) (Against the City)

90.

Plaintiff realleges and incorporates by reference paragraphs 1 through 89 of this Complaint.

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

91.

The City unlawfully discriminated against Plaintiff in the terms, conditions and privileges of employment, and discharged him, as described herein, because of his marital status and/or the marital status of a person with whom he associated, his wife (another City employee), in violation of ORS 659A.030(1)(a) and (b).

92.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

93.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

94.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

**TWELTH CLAIM FOR RELIEF**

(ORS 659A.030(1)(f) (All Defendants)

95.

Plaintiff realleges and incorporates by reference paragraphs 1 through 94 of this Complaint.

96.

As described herein, the City, Mayor Lucas and Councilors Miller and Briscoe

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

unlawfully discharged, expelled and otherwise discriminated against Plaintiff because he opposed their unlawful employment practices under ORS Chapter 659A against both himself and his wife, and/or because Plaintiff filed complaints, testified in and/or assisted in a proceeding under ORS 659A, including his First and Second BOLI Complaints along with his wife's complaints filed against Defendants with BOLI and the EEOC.

97.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendants' unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

98.

Plaintiff suffered non-economic damages as a result of Defendants' unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

99.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

**THIRTEETH CLAIM FOR RELIEF**

(ORS 659A.030(1)(g) (All Defendants)

100.

Plaintiff realleges and incorporates by reference paragraphs 1 through 100 of this Complaint.

101.

The City, Mayor Lucas and Councilors Miller and Briscoe aided, abetted, incited, and/or

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

compelled the doing of acts forbidden by ORS Chapter 659A, as described herein, and/or attempted to do so, in violation of ORS 659A.030(1)(g).

102.

Without limitation, Defendants helped, assisted and/or facilitated the commission of the unlawful employment practices described in this Complaint, and/or otherwise promoted the accomplishment thereof, helping in advancing or bringing them about, and/or encouraged, counseled and/or incited their commission. Defendants are jointly and severally liable for all of Plaintiff's economic and noneconomic damages.

103.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, pursuant to ORS 659A.885(a), and/or as special damages under common law. Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

104.

Plaintiff suffered non-economic damages as a result of Defendants' unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

105.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

### FOURTEENTH CLAIM FOR RELIEF

(Title VII of the CRA of 1964, 42 U.S.C. § 2000e et seq.)

106.

Plaintiff realleges and incorporates by reference paragraphs 1 through 105 of this

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR 97702
TELEPHONE 541.408-4557

Complaint.

107.

Defendants unlawfully retaliated against Plaintiff because he opposed practices made unlawful under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), and/or because he made a charge, testified in and/or participated in a proceeding under Title VII with the EEOC, including his First and State BOLI Complaints alleging violations of Title VII, the Americans With Disabilities Act and the Age Discrimination in Employment Act, and also his wife's complaints filed with the EEOC alleging violations of Title VII and the Americans With Disabilities Act.

108.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendants' unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest.  Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

109.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

110.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to Title VII of the Civil Rights Act of 1964.

**TENTH CLAIM FOR RELIEF**

(Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.) (Against the City)

111.

Plaintiff realleges and incorporates by reference paragraphs 1 through 110 of this

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

Complaint.

112.

The City unlawfully discriminated and/or retaliated against Plaintiff in the terms, conditions and privileges of employment, and discharged him, because of his age (62), in violation of 29 U.S.C. § 621 et seq.  Without limitation, Plaintiff was performing his job satisfactorily but was placed on administrative leave and then terminated, and was replaced by a substantially younger and less qualified person.

113.

Plaintiff has suffered economic damages, including lost wages and benefits, as a result of Defendant's unlawful actions in an amount to be proven at trial, but in an amount not less than $540,000, together with pre-judgment and post-judgment interest, and/or as special damages under common law.  Plaintiff is entitled to an award of pre-judgment interest on his back pay damages at the prescribed statutory rate, calculated from the date of Plaintiff's termination until the date of the back pay award.

114.

Plaintiff suffered non-economic damages as a result of Defendant's unlawful actions, including emotional pain and suffering and humiliation, in an amount to be proven at trial, but in an amount not less than $250,000.

115.

Plaintiff is entitled to an award of his costs, disbursements, expert witness fees and attorney fees pursuant to 29 U.S.C. § 621 et seq.

WHEREFORE, Plaintiff prays for the following relief:

1. $233.20 in unpaid comp time plus an equal amount in liquidated damages;

2. $356,530.40 in unpaid overtime compensation plus an equal amount in liquidated damages;

3. $433,322.19 in unpaid final wages plus $4,723.30 in penalty wages;

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557

4.  Lost back and future wages and benefits in an amount to be proven at trial, but not less than $540,000;

5.  Non-economic damages in an amount to be proven at trial, but in no event less than $250,000;

6.  Pre-judgment interest;

7.  Post-judgment interest;

8.  Plaintiff's reasonable attorneys' fees, expert witness fess, and costs and disbursements incurred herein;

9.  On all claims, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over time;

10. Such other equitable relief as the court may deem necessary and proper; and

11. Trial by jury.

DATED: December 22, 2020.

By:     /s/Katherine C. Tank
Katherine C. Tank, OSB #883199
Tank Law, PC
404 SW Columbia St., Suite 208
Bend, OR 97702
(541)408-4557
katherinectank@gmail.com

Of Attorney for Plaintiff Karl Jeffrey
McKinney

TANK LAW, PC
404 SW COLUMBIA ST., SUITE 208
BEND, OR  97702
TELEPHONE 541.408-4557